UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
ERTHA AUGUSTIN,

    Plaintiff,

vs.

ENLARGED CITY SCHOOL DISTRICT
OF NEWBURGH, DR. ANNETTE
SATURNELLI, sued in her personal
capacity, JOAN GOUDY-CROSSON,

    Defendants.
-----------------------------------x

**07 CIV. 5709**

**COMPLAINT**

**JUDGE CONNER**

By and through her counsel, Michael H. Sussman, ERTHA AUGUSTIN hereby avers as against defendants:

**PARTIES**

1. Plaintiff, Ertha Augustin, resides in the City of Newburgh, New York within this judicial district. She is a native of Haiti and of Haitian descent and black in race.

2. Defendant Enlarged City School District of Newburgh is a municipal corporation organized pursuant to the laws of the State of New York. It may sue and be sued for the violation of civil rights.

1

3. Defendant Annette Saturnelli, who is Caucasian, is Superintendent of Schools of defendant school district. She is sued as she personally recommended the termination of plaintiff's employment and the denial of her tenure.

4. Defendant Joan Goudy-Crosson, who is African-American, serves as principal of the St. Francis School and is sued in her individual capacity.

5. Plaintiff contends that Goudy-Crosson filed false reports [based on her animus against plaintiff on the basis of her national origin], which provided a rationale for the remaining defendants to terminate plaintiff's employment.

**JURISDICTION**

6. As plaintiff alleges that defendant intentionally violated rights accorded by the Fourteenth Amendment to the United States Constitution, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

**FACTUAL ALLEGATIONS**

7. Plaintiff served as a regular education teacher for defendant school district.

8. Plaintiff was appointed on a tenure track and so served until her termination, effective January 2007.

9. During the 2002-03 school year, a white parent viciously assaulted plaintiff causing her to miss more than one year from her teaching responsibilities.

10. Starting in September 2005, defendants assigned plaintiff to the St. Francis School where she worked with students in grades K-6 who were serving in-school suspensions.

11. During the second semester of the 2005-06 school year, defendants provided plaintiff with a written "Educator Improvement Plan" [hereinafter "EIP"] which their agents failed to implement.

12. As part of this plan, district administrators were to make three formal observations of the plaintiff, the first prior to 2/15/06, the second by 3/15/06 and the third by 4/15/06.

13. In fact, these observations were not done between February 1, 2006 and May 5, 2006, the dates provided for implementation of the plan.

14. The EIP also provided for several meetings between plaintiff and defendant Goudy-Crosson to review the former's progress in managing classroom procedures and maintaining positive relationships with colleagues and supervisors.

15. Defendant Goudy-Crosson did not convene or conduct these meetings.

16. Instead of following the EIP, defendant Goudy-Crosson fabricated a report which represented that she had implemented plaintiff's EIP and claimed continuing failures by plaintiff.

17. The EIP contemplated that defendant Goudy-Crosson would observe plaintiff teaching.

18. However, during the time period specified for the EIP, defendant Goudy-Crosson never observed plaintiff teaching, though her report makes it appear as if she had done so regularly, stating, "Ms. Augustine's [sic] performance in the

classroom continues to raise concerns."

19. Defendant Goudy-Crosson's report does not note any problems with the lesson plans plaintiff submitted to this principal.

20. Defendant Goudy-Crosson's report is undated and was never provided, per district policy, to plaintiff.

21. In late October 2006, defendant Saturnelli recommended the denial of plaintiff's tenure and termination to defendant school district's Board of Education.

22. As the sole reasons for this action, defendant Saturnelli claimed that plaintiff failed [a] to maintain classroom discipline [citing a memorandum which itself related to events occurring on a single date, June 16, 2006] and [b] to devise appropriate lesson plans that had clearly defined objectives for the learner or engaged students in meaningful learning.

23. Both of these bases for denial of tenure and termination were pretextual and baseless.

24. Before the Board of Education adopted defendant

Saturnelli recommendation and terminated plaintiff's employment on November 28, 2006, plaintiff explained the baselessness of these matters to Saturnelli

25. In fact, as Augustin explained to Saturnelli, defendant Goudy-Crosson, not her, failed to establish or maintain classroom discipline on June 16, 2006.

26. And, plaintiff noted to Saturnelli that reviews done in 2005-06 of her lesson plans showed reviewer satisfaction with their content, no basis for termination.

27. Apart from her false reporting of events in plaintiff's classroom, defendant Goudy-Crosson showed animus toward plaintiff by repeatedly refusing to allow her to have release time so she could work with her mentor [as part of the EIP] and by falsely claiming a "dismal failure" on plaintiff's part "to get along with others."

28. Any reliance by Saturnelli upon the views of Goudy-Crosson was unreasonable, particularly in light of plaintiff's thorough refutation of her principal's reasoning.

29. Yet, defendant Saturnelli never had a substantive discussion with plaintiff concerning defendant Goudy-Crosson's complaints against her and never sought to determine whether these complaints were based on fact or bias.

30. Defendant Saturnelli had ample reason to believe that plaintiff believed defendant Goudy-Crosson harbored discriminatory animus as Goudy-Crosson herself reported that plaintiff so accused her.

31. Defendant school district has terminated several Caribbean teachers, who, like plaintiff, have met the standards for promotion applied to non-Caribbean employees.

32. Defendant school district has taken no action against at least one high-ranking Caucasian administrator who made explicitly biased comments against a Caribbean special education and whose comments its members knew about.

33. The school district has a custom and practice of devaluing the contributions of employees from Caribbean countries, including Haiti, and discriminating against such

individuals on the basis of their national origin.

34. By dint of defendants' discriminatory conduct, plaintiff has suffered pecuniary and non-pecuniary losses.

35. The acts and omissions of defendant Goudy-Crosson, as set forth above, were mean-spirited and malicious, justifying an award of punitive damages against her.

36. The acts and omissions of Saturnelli and Goudy-Crosson violated clearly established constitutional anti-discrimination principles and qualified immunity applies to neither individual defendant.

**CAUSES OF ACTION**

37. Plaintiff incorporates paras. 1-36 as if fully incorporated herein.

37. Defendants, and each of them, have violated plaintiff's right to equal protection of the law, as assured by the Fourteenth Amendment by discriminating against her on the basis of her national origin when they denied her tenure and terminated her employment. Such discriminatory conduct is actionable pursuant

to 42 U.S.C. sec. 1983 as against each defendant.

38. By discriminating against plaintiff on the basis of her national origin, defendants violated the rights of plaintiff as provided by section 296 of the Executive Law of the State of New York.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court enter the following relief:

[A] assume jurisdiction over this matter;

[B] empanel a jury to hear and decide all issues within its jurisdiction;

[C] award to plaintiff compensatory damages against each defendant jointly and severally with pre- and post-judgment interest;

[D] award to plaintiff and against individual defendant Goudy-Crosson punitive damages with pre and post-judgment interest;

[E] order defendant district to award plaintiff tenure and

offer her a position commensurate to that from which she was terminated with restoration of full benefits and seniority;

[F] award plaintiff attorneys' fees and costs as reasonably incurred and

[G] enter any other order the interest of justice requires.

Respectfully submitted,

Michael H. Sussman (3497)

Sussman & Watkins
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

Dated: June 13, 2007