UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

EARTHA AUGUSTIN,

             Plaintiff,

    -vs-

ENLARGED CITY SCHOOL DISTRICT OF
NEWBURGH, et. al, etc.,

             Defendants.

―――――――――――――――――――――――――――

Civil Action No. 07 Civ 5709 (WCC)

ANSWER TO COMPLAINT

      Defendants ENLARGED CITY SCHOOL DISTRICT OF NEWBURGH SCHOOL ("District"), DR. ANNETTE SATURNELLI ("Saturnelli") and JOAN GOUDY-CROSSON ("Goudy-Crosson"), by their attorneys, Shaw, Perelson, May & Lambert, LLP, as and for their Answer to the Complaint, state:

      1. Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations at paragraph numbered 1 of the Complaint, except admit that plaintiff is black in race.

      2. Defendants deny the allegations set forth at paragraph numbered 2 of the Complaint, except admit that the District may sue and be sued.

      3. Defendants deny the allegations set forth at paragraph numbered 3 of the Complaint, except admit that defendant Saturnelli is Caucasian and is the Superintendent of Schools of the District.

      4. Defendants deny the allegations set forth in paragraph numbered 4 of the Complaint, except admit that Goudy-Crossan is African-American and is the principal of the District's Alternative Center-Based Program at St. Francis

      5. Defendants deny the allegations set forth at paragraphs numbered 5, 6, 15, 16, 18, 23, 24,

25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36 and 38 of the Complaint.

6. Defendants deny the allegations set forth at paragraph numbered 7 of the Complaint, except admit that the plaintiff served as a elementary education teacher for the District.

7. Defendants deny the allegations set forth at paragraph numbered 8 of the Complaint, except admit that the plaintiff was appointed to a position in which she could qualify for tenure and served in that position, which service was interrupted for in excess of a year, from on or about January 1, 2002 to the date of her termination on December 31, 2006.

8. Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations at paragraph numbered 9 of the Complaint, except admit that plaintiff was reported to have been assaulted and plaintiff was absent from work for the District for in excess of a year until on or about September 1, 2004.

9. Defendants deny the allegations set forth at paragraph numbered 10 of the Complaint, except admit that at the plaintiff's request, the plaintiff was assigned to the District's alternative center-based program, then located at the West Street School, during the Spring semester of 2005, which assignment continued at the center-based program relocated to the St. Francis School, in which the plaintiff worked with students in grades K-6.

10. Defendants deny the allegations set forth at paragraph numbered 11 of the Complaint, except admit that on or about January 31, 2006, the District provided the plaintiff with a written Educator Improvement Plan agreed to by the plaintiff and her collective bargaining representative.

11. Defendants deny the allegations set forth at paragraph numbered 12 of the Complaint and respectfully refer the Court to the Plan for its full and complete text.

12. Defendants deny the allegations set forth at paragraph numbered 13 of the Complaint and

respectfully refer the Court to the Plan for its full and complete text.

13. Defendants deny the allegations set forth at paragraph numbered 14 of the Complaint and respectfully refer the Court to the Plan for its full and complete text.

14. Defendants deny the allegations set forth at paragraph numbered 17 of the Complaint and respectfully refer the Court to the Plan for its full and complete text.

15. Defendants deny the allegations set forth at paragraph numbered 19 of the Complaint and respectfully refer the Court to the unidentified "report" for its full and complete text.

16. Defendants deny the allegations set forth at paragraph numbered 20 of the Complaint and respectfully refer the Court to the unidentified "report" for its full and complete text.

17. Defendants deny the allegations set forth at paragraph numbered 21 of the Complaint, except admit that on November 28, 2006, Saturnelli recommended to the District's Board of Education that it not grant tenure to the plaintiff.

18. Defendants deny the allegations set forth at paragraph numbered 22 of the Complaint, except admit that Saturnelli provided the plaintiff with the following reasons for her decision to recommend denial of tenure for the plaintiff: (1) that the plaintiff failed to design lessons that clearly defined objectives for the learner or which engaged students in meaningful learning and (2) that the plaintiff failed to maintain appropriate classroom discipline.

19. Defendants deny the allegations set forth at paragraph numbered 29 of the Complaint, and affirmatively assert that plaintiff did not contend to Saturnelli that Goudy-Crosson had a national origin bias against the plaintiff and neither has nor had any basis for believing that such a bias by Goudy-Crosson exists or existed.

20. As and for their answer to paragraph numbered 37 of the Complaint, repeats their

answers to paragraphs numbered 1 to 36 of the Complaint as if fully set forth herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants Saturnelli and Goudy-Crosson possess qualified immunity as against the plaintiff's claims.

**WHEREFORE**, the defendants requests that the Court dismiss the Complaint in all respects and grant the defendants such other and further relief as the Court may deem just and proper.

Dated: July 26, 2007

**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for the Defendant


By:_____/S/_____
Mark C. Rushfield, Esq. (MCR 0231)
Of Counsel


By: _____/S/_____
David S. Shaw, Esq. (DSS 4478)
40 South Roberts Road
Highland, NY 12528
845/691-8100