

03-04

The New York Schools Insurance Reciprocal
377 Oak Street, Suite 101 • Garden City NY, 11530-6542 • (516) 227 3355 • (800) 476-9747 • Fax: (516) 227-2352

## SCHOOL BOARD LEGAL LIABILITY POLICY
## RENEWAL DECLARATIONS

**THIS IS A CLAIMS-MADE AND REPORTED POLICY. CLAIMS MUST BE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD AND ANY EXTENDED REPORTING PERIODS. PLEASE READ CAREFULLY.**

POLICY NO.   SBLNWB001

### ITEM 1 - NAMED INSURED
Newburgh Enlarged City SD

### ITEM 2 - MAILING ADDRESS
124 Grand Street
Newburgh, NY 12550

### ITEM 3
POLICY PERIOD: FROM 10/01/2003 to 10/01/2004 12:01 A.M. AT THE INSURED'S MAILING ADDRESS

### ITEM 4
FORMS AND ENDORSEMENTS APPLICABLE TO ALL COVERAGE PARTS.
SBL 100 (07/01/2001)    SBL 200 (07/01/2001)    SBL 300 (07/01/2001)    SBL 310 (07/01/2001)    SBL 400 (07/01/2001)

### ITEM 5

| | | |
|---|---|---|
| A. DEDUCTIBLE | $10,000 | EACH CLAIM |
| B. LIMIT OF LIABILITY | $1,000,000 | EACH CLAIM |
| | $1,000,000 | AGGREGATE |
| C. ANNUAL PREMIUM | | $27,540 |

NEW YORK SCHOOLS INSURANCE RECIPROCAL

*[signature]*
AUTHORIZED REPRESENTATIVE



THE NEW YORK SCHOOLS INSURANCE RECIPROCAL
377 Oak Street, Suite 101 • Garden City, NY 11530-6542 • 1-800-1SNYSIR • (516) 227-3355 • Fax: (516) 227-2352

**NOTICE: THIS IS A CLAIMS-MADE AND REPORTED POLICY. CLAIMS MUST BE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD AND ANY EXTENDED REPORTING PERIODS.**

## SCHOOL BOARD LEGAL LIABILITY COVERAGE

In consideration of the premium charged, and in reliance upon the statements in the Application attached hereto being made a part hereof, and subject to the limit of liability stated in Item 5.B. of the Declarations and all the terms, conditions and exclusions contained herein, the Company and the **Insured** agree as follows:

### I. INSURING AGREEMENTS

**A.   COVERAGE**

The Company shall pay on behalf of the **Insured** all sums which the **Insured** becomes legally obligated to pay as **Damages** resulting from any **Claim** that is both first made against the **Insured** and reported to the Company during the **Policy Period and any Extended Reporting Period**, for a Wrongful Act(s) by the **Insured** in the performance of duties for the School Entity.

It is a condition precedent to coverage under this policy that the **Wrongful Act** occur;
1. during the **Policy Period** or;
2. prior to the **Policy Period**, provided that
   a) The **Insured** did not notify and/or report the **Wrongful Act** or related **Wrongful Acts** under any prior policy to which this policy is a renewal or replacement; and

   b) prior to the inception date of the first School Board Legal Liability policy issued by the Company and continuously renewed and maintained, no **Insured** knew or could have reasonably foreseen that such **Wrongful Act** could lead to a **Claim;** and

   c) there is no other policy that provides insurance to the **Insured** for such **Wrongful Act** or **Claim.**

Expenses do not include salaries, loss of earnings, or reimbursement to the Insured for time, expenses or attendance associated with the defense or investigation of a Claim.

c) **Damages** means a monetary loss for which the **Insured(s)** is legally obligated to pay as a result of a **Wrongful Act** to which this policy applies. **Damages** do not include:
  1. Punitive damages, exemplary damages or multiple damages;
  2. Criminal or civil fines, penalties (statutory or otherwise), fees or sanctions;
  3. Matters uninsurable under the law or against public policy;
  4. Unjust profit, remuneration or advantage to which the Insured was not legally entitled, including payment or reimbursement of tuition, taxes or other restitution;
  5. Any form of non-monetary, injunctive relief or other equitable relief, including attorneys fees, costs and costs of compliance associated with a demand or proceeding for such relief, subject to SECTION. I, B.b) of the policy.
  6. Back wages, salaries, employee benefits or other forms of compensation due.
  7. Costs associated with the modification of any building or property in order to provide any reasonable accommodation required by the ADA or similar federal, state or local statute or regulation.

d) **Insured** means the **School Entity**, the Board of Education of the **School Entity**, all present and former members of the Board of Education, officers, trustees, employees, student teachers or volunteers, including all volunteer boards, but only for while acting solely within the course and scope of their duties or employment for the **School Entity**.

**Insured** also means the estate, heirs, administrators, assigns and legal representatives of any **Insured** covered herein in the event of such **Insured's** death, but only to the extent that such **Insured** would otherwise be covered under this policy.

e) **Policy Period** means the period from the effective date of this policy to the expiration date or earlier termination date, if any.

f) **School Entity** means the entity stated in item 1 of the declarations.

g) **Wrongful Act** means any actual or alleged breach of duty, negligent error, misstatement, misleading statement or omission by an **Insured** solely in the course and scope of the **Insured's** duties or employment for the **School Entity**.

employee benefit, retirement or pension plan, including any pension, retirement, savings or profit sharing plan subject to ERISA or similar state statute, or any violation of or failure to comply with ERISA or any similar state statute.

9. breach of contract, except that with respect to a **Claim** for breach of an employment contract, the Company will pay **Claim Expenses** and consequential **Damages** that exceed the amount the **Insured** was obligated to pay pursuant to such contract.

10. an alleged violation of a collective bargaining agreement or the negotiation of any dispute regarding such agreement including, but not limited to, labor or grievance arbitrations.

11. any pending or prior litigation or hearing as well as future **Claims** arising out of said pending or prior litigation or hearing, however, if this policy is a renewal of a policy issued by the Company, this exclusion shall only apply with respect to a pending or prior litigation or hearing prior to the effective date of the first policy issued and continuously renewed by the Company.

12. arising out of any pending or prior special education hearing, including **Claims** arising out of the failure to provide an appropriate individualized education program or related facilities or services, including but not limited to, any cause of action under the Individuals with Disabilities Education Act-IDEA, 504 of the Rehabilitation Act, Americans with Disabilities Act-ADA; Article 89 of the Education Law or any similar state or federal statute or other law, administrative rule or regulation.

E. **LIMITS OF LIABILITY**

    1A.    Each Claim: The total liability of the Company for all **Damages** for each **Claim** covered by this policy shall not exceed the amount stated in Item 5.B. of the Declarations for each **Claim**.

    1B.    Aggregate: The total liability of the Company for the combined total of all **Damages** for all **Claims** covered by this policy shall not exceed the amount stated in the Declarations as Aggregate.

The inclusion of more than one Insured in any **Claim** or the making of **Claims** by more than one person shall not increase the Company's limit of liability or the deductible. Two or more claims arising out of a single **Wrongful Act** or related **Wrongful Acts** shall be treated as a single **Claim**. All such **Claims**, whenever made, shall be considered first made during the **Policy Period** in which the earliest **Claim** was first made and reported to the Company.

made against the **Insured** as soon as practicable, but not later than 60 days after the expiration or termination of the **Policy Period** in which the **Claim** is first made.

In the event that suit is brought against the **Insured**, the **Insured** shall immediately forward to the Company every demand, notice, summons or other process received by the **Insured** or the **Insured's** representative.

C.  **Notice of Potential Claims**

If during the **Policy Period**, or during the discovery period (if the right is exercised by the **School Entity** in accordance with Section I G) the **Insured**:

(i)  receives written or oral notice from any third party that it is the intention of such third party to hold the **Insured** responsible for the results of any **Wrongful Act**, or

(ii) becomes aware of any **Wrongful Act** which may reasonably be expected to give rise to a **Claim** being made against the **Insured**.

Written notice shall be given by the **School Entity** to the Company as soon as practicable and during the **Policy Period** or during the discovery period, if applicable, of such written or oral notice under (i) above or of such **Wrongful Act** under (ii) above. If such written notice is given to the Company, any **Claim** which is subsequently made against the **Insured** arising out of such **Wrongful Act**, shall, for the purposes of this policy, be treated as a **Claim** made during the currency hereof.

All notices of **Claims**, notices of **Wrongful Acts**, applications, demands or requests provided for in this policy shall be in writing and addressed to Claims Manager, New York Schools Insurance Reciprocal, 377 Oak St., Garden City, NY 11530.

D.  **Assistance and Cooperation**
The **Insured** shall cooperate with the Company and, upon the Company's request, assist in making settlements and in the investigation of **Claims**. The **Insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses at the **Insured's** own expense. The **Insured** shall not, except at the **Insured's** own cost, voluntarily make any payment, assume any obligation or incur any expense.

other first class mail, at the address shown in item 1 of the declarations, written notice stating when, not less than ten (10) days thereafter, the cancellation shall be effective. The mailing of such notice as aforesaid shall be sufficient proof of notice and this policy shall terminate at the date and hour specified in such notice.

If this policy shall be canceled by the **School Entity**, the Company shall retain the customary short rate proportion of the premium hereon. If this policy shall be canceled by the Company, the Company shall retain the pro rata proportion of the premium hereon payment or tender of any unearned premium by the Company shall not be a condition precedent to the effectiveness of cancellation, but such payment shall be made as soon as practicable.

J.  **Assignment**
Neither this policy nor any **Insured's** interests under this policy may be assigned.

K.  **Authorization Clause**
By the acceptance of this policy, the **School Entity** agrees to act on behalf of all **Insureds** with respect to the giving of notice of **Claim**, consent to settle a **Claim**, the giving or receiving of notice of cancellation or non renewal, the payment of premiums and the receiving of any premiums that may become due under this policy. All **Insureds** agree that the **School Entity** shall act on their behalf.

IN WITNESS WHEREOF, the Company has caused this policy to be signed by its president and countersigned where required by law on the declarations page by a duly authorized representative of the Company.

NEW YORK SCHOOLS INSURANCE RECIPROCAL

_____
Authorized NYSIR Representative



# NEW YORK DISCLOSURE NOTICE

## CLAIMS-MADE POLICY

SBL 200 2001

THIS ENDORSEMENT CHANGES THIS POLICY. PLEASE READ IT CAREFULLY.

**IMPORTANT:** This form is an addendum to your declarations page and application and is part of your policy. This form describes some of the major features of your policy. Please read it carefully.

## THIS POLICY IS WRITTEN ON A "CLAIMS MADE" BASIS

**IMPORTANT:** This policy provides no coverage for **Claims** arising out of incidents, occurrences or alleged **Wrongful Act(s)** which took place prior to the retroactive date stated in this policy.

**IMPORTANT:** This policy covers only **Claims** actually made against the **Insured** and reported to the Company while the policy remains in effect. All coverage under the policy ceases upon the termination of the policy, except for the automatic basic extended reporting period coverage, unless the **Insured** purchases supplemental extended reporting period coverage.

**IMPORTANT:** The length of the automatic basic extended reporting period is ninety (90) days.

**IMPORTANT:** Avoiding Coverage Gaps – If this policy is not renewed when it expires, or if similar coverage is not purchased from another carrier upon expiration, a gap in coverage protection will result. This is because the automatic basic extended reporting period and the supplemental extended reporting period only provide an additional time period within which to report **Claims** that arose from **Wrongful Act(s) which occurred after the retroactive date but prior to the end of the Policy Period.**

## EXTENDED REPORTING PERIODS UNDER THIS POLICY

A basic Extended Reporting Period is automatically provided under the Policy without additional charge. This period starts on the date of TERMINATION OF COVERAGE and lasts for ninety (90) days.



This endorsement changes the policy. Please read it carefully.

# NEW YORK CHANGES – EXTENDED REPORTING PERIODS

SBL 300 2001

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THIS POLICY.

EXTENDED REPORTING PERIOD is deleted and replaced by the following.

EXTENDED REPORTING PERIOD:

(1) The Company will provide one or more "Extended Reporting Periods" described below where this policy is a CLAIMS MADE RELATIONSHIP.

    (a) That has continued less than one (1) year and coverage is terminated for reasons other than nonpayment of premium or fraud; or

    (b) That has continued one (1) year or more and coverage is terminated for any reason; or

    (c) That the Company renews or replaces with other than a claims made policy form.

(2) A "Basic Extended Reporting Period" is automatically provided without additional charge. The "Basic Extended Reporting Period" begins on the date of TERMINATION OF COVERAGE, and ends ninety (90) days after the date of TERMINATION OF COVERAGE. If there is other insurance against any claim for which coverage is afforded under the "Basic Extended Reporting Period", the coverage provided under the "Basic Extended Reporting Period" shall be deemed to be excess over and above the applicable limits of all such other insurance and will afford coverage only after the policy limits of such other insurance have been exhausted.

(3) In addition, up to three (3) "Supplemental Extended Reporting Periods" of twelve (12) months each are available, but only if added by endorsement and for an additional premium charge. The first period begins ninety (90) days after the date of TERMINATION OF COVERAGE.

(4) The Insured, subject to the terms and conditions set forth herein, shall have a right to select that period to which the "Supplemental Extended Reporting Period" shall apply, which in no event shall exceed thirty-six (36) months. The premium for each twelve (12)

charge the person for whom "Extended Reporting Period" coverage is provided a premium commensurate with such coverage.

(9) The "Extended Reporting Period" is available upon decrease in limits, reduction of coverage, increased deductible or self-insured retention, new exclusion, or any other change in coverage less favorable to the **Insured.**

(10) The Extended Reporting Periods do not extend the **POLICY YEAR** or change the scope of coverage provided. Subject otherwise to the Policy's terms, Limit of Liability, Exclusion and Conditions, the Policy is extended to apply to claims first made during the "Basic Extended Reporting Period" or, if purchased, the "Supplemental Extended Reporting Period", but only by reason of any **Wrongful Act(s)** committed on or after the policy RETROACTIVE DATE but prior to the end of the **POLICY YEAR.**

(11) Claims for **Wrongful Act(s)** which are first received during an "Extended Reporting Period" shall be deemed to have been made on the last day of the **POLICY YEAR.**

NEW YORK SCHOOLS INSURANCE RECIPROCAL

_____
Authorized NYSIR Representative



# NEW YORK CHANGES – CANCELLATION AND NONRENEWAL

SBL 310 2001

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

Policy Conditions paragraph I. CANCELLATIONS are deleted and are replaced by the following:

**3. CANCELLATION AND NONRENEWAL**

(a) **CANCELLATION**
(1) This Policy may be cancelled by the INSURED by surrendering the Policy to the Company or any of its authorized agents, or by mailing to the Company or its authorized agents written notice stating when thereafter the cancellation shall be effective.

(b) **CANCELLATION OF POLICIES IN EFFECT 60 DAYS OR LESS**

The Company may cancel this Policy by mailing or delivering to the INSURED written notice of cancellation at least

(1) 30 days before the effective date of cancellation if the Company cancels for any reason not included in paragraph (b)(2) below.

(2) 15 days before the effective date of cancellation if the Company cancels for any of the following reasons:

(a) Nonpayment of premium;

(b) Conviction of a crime arising out of acts increasing the hazard insured against;

(c) Discovery of fraud or material misrepresentation in the obtaining of the Policy or in the presentation of a claim;

(d) After issuance of the Policy or after the last renewal date, discovery of an act or omission, or a violation of any condition of the Policy, that substantially and materially increases the hazard insured against, and that occurred subsequent to inception of the current policy period;

e. **AVAILABILITY OF LOSS INFORMATION**

If the INSURED receives a notice that this coverage is being terminated, information on claims and losses under this policy is available to the INSURED. To receive this information the INSURED or its insurance agent must request this information in writing.

Upon receipt of the request, the Company will mail or deliver to the INSURED within twenty (20) days the following loss information for the period of time the INSURED has been insured with us:

1. Information on closed claims, including date and description of occurrence and any payments; and

2. Information on open claims, including date and description of occurrence, and amounts of any payments; and

3. Information on notice of any occurrences, including date and description of occurrence.

NONRENEWAL AND CONDITIONAL RENEWAL CONDITIONS are added as follows:

(a) **NONRENEWAL**

If the Company decides not to renew this Policy, the Company will send notice as provided in paragraph (c) below along with the reason for nonrenewal.

(b) **CONDITIONAL RENEWAL**

If the Company conditionally renews this Policy subject to

1. a Change in limits;

2. a Change in type of coverage;

3. a Reduction of coverage;

4. an Increased deductible, retention or participation,

5. an Additional exclusion; or

6. Increased premiums in excess of 10% exclusive of any premium increase due to and commensurate with increased exposure units, experience rating, loss rating, retrospective rating or audit,

1. Information on closed claims, including date and description of occurrence and any payments; and

2. Information on open claims, including date and description of occurrence, and amounts of any payments; or

3. Information on notice of any occurrences, including date and description of occurrence.

NEW YORK SCHOOLS INSURANCE RECIPROCAL

_____
Authorized NYSIR Representative



# SCHOOL BOARD LEGAL LIABILITY
# GENERAL ENDORSEMENT

### SBL 400 2001

THIS ENDORSEMENT CHANGES THIS POLICY. PLEASE READ IT CAREFULLY.

1. This policy shall not be subject to coverage by the Property/Casualty Insurance Security Fund and the provisions of Article 76 of the New York Insurance Law. The Insured shall be contingently liable on a several basis for any assessment which may be unlimited and made in accordance with the New York Insurance Law.

2. In accordance with the New York Insurance Law, the Attorney-In-Fact, with the approval of Board of Governors (as the advisory committee), and within such times as the Superintendent prescribes, may order assessments in a manner determined by the Board of Governors for amounts to provide:

    a) Sufficient funds to make good any impairment (as defined by law);

    b) Sufficient funds to provide any surplus required by the Superintendent of insurance or authorized by the Board of Governors;

    c) Sufficient funds to permit the repayment of any surplus loan or other borrowing.

3. Each subscriber (policyholder) shall pay on demand such subscriber's proportionate share of any assessment lawfully ordered or levied by the Board of Governors or the New York State Superintendent of Insurance as provided by the New York Insurance Law.

4. The contingent liability assessment of the subscriber shall be in an amount not less than one nor more than ten times the annual premium.

5. Any assessment shall be for the exclusive benefit of policyholders that provide for such a contingent liability and such policyholders shall not be liable to assessment in an amount greater than the ratio that the deficiency attributable to the assessable business bears to the total deficiency.

There is no change in premiums as a result of this endorsement.

NEW YORK SCHOOLS INSURANCE RECIPROCAL

*[signature]*

Authorized NYSIR Representative